UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CCI ENVIRONMENTAL, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-03099-RWS |
| | ) |
| CITY OF ST. LOUIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## STATEMENT OF UNCONTROVERTED MATERIAL FACTS

Defendant City of St. Louis –the only remaining defendant herein—by and through counsel, and pursuant to Rule 56(c)(1) of the Federal Rules of Civil Procedure and Local Rule 7-4.01(E), hereby sets forth the following undisputed facts ("SUMF") for purposes of its Motion for Summary Judgment only:

1. The City of St. Louis ("City") established a Minority and Women-Owned Business Enterprise ("M/WBE") Program in 1997 by Mayor's executive order. Amber Gooding Deposition ("Ex. A") p. 13:8-10; Executive Order 28 ("Ex. D").

2. In 2011, the City's M/WBE program was formalized by the adoption of rules by the St. Louis Development Corporation ("SLDC"). 2011 M/WBE Rules ("Ex. B").

3. In 2018, the City enacted Ordinance 70767, providing express legislative authority for the City's M/WBE program.  Ordinance 70767 ("Ex. C").

4. SLDC, by ordinance, is charged with managing and monitoring the certification and utilization of M/WBEs by the City of St. Louis and its prime contractors. See Ex. C, at p. 3.

5. SLDC is responsible for adopting rules and procedures to implement the M/WBE program. See Ex. C at p. 3.

6. SLDC has the power to delegate all or a part of the duties of certification and compliance of the M/WBE program. See Ex. C at p. 4.

7. Prior to 2011, the M/WBE was governed by the Mayor's Executive Order No. 28. See Ex. D; Ex. A at p. 13:14-21.

8. The 2011 rules define "Authority" as the entity selected by SLDC to manage the M/WBE program. See Ex. B at p. 2.

9. The Authority may promulgate guidelines and interpretation necessary to carry out the rules of the M/WBE program. See Ex. B at p. 6.

10. The 2011 rules, adopted by SLDC, designate the Airport Disadvantaged Business Enterprise Program Office ("Airport DBE Office") as the Authority, authorizing and directing it to implement the M/WBE Rules. Ex. B at p. 6; see also Resolution No. 11-SLDC 508 ("Ex. F") at p. 1.

11. Since 2011, the duties of the administration and operations of the M/WBE program have been carried out by the Airport DBE Office, which is also charged with the responsibility of managing the City's implementation of the federally funded Disadvantaged Enterprises Program ("DBE Program") for projects where applicable U.S. Department of Transportation funds are expended. See Ex. F at p. 1.

12. Plaintiff CCI Environmental, Inc. ("CCI") is owned by Mark Briguglio ("Briguglio"), who has a majority of shares of the corporation. See Amended Complaint [ECF 3] ¶6.

13. Briguglio claims that he is a member of the Northern Cherokee Nation. See [ECF 3] ¶6.

14. Prior to 2019, Plaintiff CCI was certified as a DBE and MBE by the City. See Certification of CCI ("Ex. J") at p. 1.

15. Plaintiff D.W. Mertzke Excavating & Trucking, Inc. ("D.W. Mertzke") is owned by Jody Mertzke ("Mertzke"), who has a majority of shares of the corporation. See [ECF 3] ¶ 7.

16. Mertzke claims to be a member of the Northern Cherokee Nation. See [ECF 3] ¶ 7.

17. Prior to 2019, D.W. Mertzke was certified as a DBE and M/WBE by the City. See Certification of D.W. Mertzke ("Ex. K") at p. 1-2.

18. Plaintiff Global Environmental, Inc. ("Global") is owned by Vicki Dunn ("Dunn"), who has a majority of shares of the corporation. See [ECF 3] ¶ 8.

19. Dunn claims to be a member of the Northern Cherokee Nation. See [ECF 3] ¶ 8.

20. Prior to 2019, Global was certified as a DBE and M/WBE by the City. See Certification of Global ("Ex. L") at p. 2.

21. Premier Demolition, Inc. ("Premier") is owned by William Buell ("Buell"), who has a majority of shares of the corporation. See [ECF 3] ¶ 9.

22. Buell claims to be a member of the Northern Cherokee Nation. See [ECF 3] ¶ 9.

23. Prior to 2019, Premier was certified as a DBE and MBE by the City. See Certification of Premier ("Ex. M") at p. 1.

24. Since 2001, it has been the City's practice that the local M/WBE program and the federal DBE program operate and proceed under the same scope, definitions, and procedures. See Ex. A at p. 16:4-9.

25. The 2011 rules define socially disadvantaged to include minority group members who identify as Native American for the purpose of certification, and defines "Native American" as persons who "[m]aintain cultural identification through tribal affiliation or community recognition with any of the peoples of the North American continent and who demonstrate at least one-quarter descent from such groups ("Native Americans") as evidenced by a tribal enrollment card recognized by the Federal Bureau of Indian Affairs." See Ex. B at p. 5.

26. The 2011 rules require that members claiming minority disadvantage status as a Native American must be a member of a federally recognized tribe. See Ex. A at p. 50:18-22.

27. The City's M/WBE program definition of Native Americans as a minority for certification within the local program is consistent with the federal DBE program, which is found in the Code of Federal Regulations. See Ex. A at p. 15:7-24; p. 17:5-17.

28. The City of St. Louis, through the Airport DBE Office, is a certifying body of the federal DBE program and the local M/WBE program. See Ex. A at p. 41:14-22.

29. On February 20, 2019, Amber Gooding, the Assistant Director of Community Programs/ Business Diversity Development, the Authority, notified Plaintiffs CCI, D.W. Mertzke, Global Environmental, and Premier Demolition that their firms were recommended for removal of their M/WBE eligibility in the M/WBE program. See Ex. A at p. 50; see also Notices to Plaintiffs ("Ex. G").

30. The Authority recommended decertification of Plaintiffs because they failed to demonstrate that they were members of a federally recognized tribe as outlined by the Bureau of Indian Affairs ("BIA"). See Ex. A at p. 50:13-22.

31. The Program Review Committee ("PRC"), a committee composed of City employees at the Airport, is charged with determining whether to remove a firm's M/WBE eligibility, among other things. See Ex. B at p. 6.

32. The Authority may recommend that the PRC remove an M/WBE's eligibility. See Ex. B at p. 47.

33. The eligibility of an M/WBE firm can be removed if the M/WBE otherwise fails to meet the requirements for continued certification eligibility under the M/WBE rules. See Ex. B at p. 48.

34. Upon a unanimous vote, the PRC voted to uphold the recommendation of the Authority and on June 6, 2019, decertified Plaintiffs. See Ex. A at p. 50:13-22; p. 55:12-22.

35. Plaintiffs then requested administrative review of the PRC's decision to decertify them. See Ex. A at p. 55:23-25; p. 56:1.

36. On appeal, the administrative review officer, April Griffin, upheld the PRC's decision to decertify Plaintiffs. See Ex. A at p. 57:4-23.

37. The City of St. Louis, through the Airport DBE Office, is a member of the Missouri Regional Certification Committee ("MRCC"). See Ex. A at p. 41:14-16.

38. Members of the MRCC, including the City, are made up of the federal DBE certification partners and recognized by the U.S. Department of Transportation as such. See Ex. A at p. 41:16-21.

39. As a member of the MRCC, the City of St. Louis is the certifying body for the local M/WBE program and the federal DBE program. See Ex. B at p. 5.

40. The City, through its membership in the MRCC, received a letter from the U.S. Department of Transportation dated August 26, 2019, as clarifying the guidance to all

certifying partners to re-examine certification procedures for Native Americans to ensure that they were members of a state or federally recognized tribe. See Ex. A at p. 64:1-16; See also Gooding Depo. Corrections to Form and Substance ("Ex. E") at p. 2; See also U.S. Department of Transportation Letter ("Ex. H").

41. The State of Missouri does not have an official state recognition process for the purpose of recognizing Native American tribes. See Ex. A at p. 48:3-10.

42. In February 2020, MRCC's members, including the City of St. Louis, voted and confirmed that the State of Missouri does not have a process by which it recognizes Native American tribes. See Ex. A at p. 48:3-10.

43. Members of the MRCC conducted a second vote in February 2020, confirming that the three tribes in Missouri, including the Northern Cherokee Nation, were not recognized by the State of Missouri because Missouri does not have a process for recognizing tribes. See Ex. A at p. 49:10-13.

44. As of August 2020, the Authority has proposed amended M/WBE rules. See M/WBE Proposed Rules ("Ex. I").

45. The new rules require that an entity seeking certification as a minority due to Native American status must "[m]aintain cultural identification through tribal affiliation or community recognition with any of the original peoples of the North American continent ("Native Americans") and be enrolled in a tribe as evidenced by a tribal enrollment card in a tribe recognized by the United States Bureau of Indian Affairs." See Ex. I at pp. 5-6.

46. The Northern Cherokee Nation is not a federally recognized Indian tribe. See *Federal Register, Vol. 84, No. 22, Friday, February 1, 2019* ("Ex. N").

47.     Under the City's proposed M/WBE rules, any person may secure certification as a M/WBE or DBE by demonstrating social or economic disadvantage as a result of that person's race, sex, or other protected status.  SUMF Ex. I, at p.  33.

48.     Plaintiffs will be eligible under the City's proposed M/WBE rules to obtain certification as M/WBE businesses upon a showing of social or economic disadvantage. SUMF Ex. I, p. 33.

WHEREFORE, Defendant respectfully requests that this honorable Court grant summary judgment in favor of Defendant and against Plaintiffs.

Respectfully submitted,

JULIAN L. BUSH
City Counselor

*/s/Robert H. Dierker 23671(MO)*
Associate City Counselor
*dierkerr@stlouis-mo.gov*
Chelsea Mannery 71062(MO)
Assistant City Counselor
314 City Hall
1200 Market St.
St. Louis, MO 63103
314-622-3361
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2020 the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system. I further certify that an electronic version of the foregoing, in Word format, was emailed to Plaintiff's counsel that same day.

/s/ Robert Dierker